**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAMON ODIN LAGOS, et al., | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | C.A. No. 09-214 Erie |
| | ) | |
| FRANCISCO J. QUINTANA, et al., | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I    RECOMMENDATION

_____It is respectfully recommended that the following individuals be dismissed as Plaintiffs in this case for failure to prosecute:  Sean Rushton, Cyril Anderson, Jose Martinez, Javier Rodriguez, Brua Gilmore, and "80 other inmates."

### II    REPORT

On August 19, 2009, the Clerk of Courts received a civil rights complaint filed by nine (9) named inmates, and "80 other [unnamed] inmates," all of whom are incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania; however, all but Plaintiff Ramon Odin Lagos failed to either pay the required filing fee or file a motion to proceed *in forma pauperis*.  As a result, this Court issued a Show Cause Order, dated September 2, 2009, directing each Plaintiff, other than Ramon Odin Lagos, to either pay the filing fee of $ 350.00 to the Clerk of Courts or file a motion to proceed *in forma pauperis* with an accompanying institutional account statement, on or before September 22, 2009, or suffer dismissal from this case for failure to prosecute. [Document # 3].  To date, only three of the remaining eight named Plaintiffs responded to this Order and filed motions to proceed *in forma pauperis*.  The other five named Plaintiffs who did not comply with this Court's Order are:  Sean Rushton, Cyril Anderson, Jose Martinez, Javier Rodriguez, Brua Gilmore.  In addition, none of the unnamed "80 other inmates" have complied with the Order.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate.  Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984).  The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense.  Id. at 868.  Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted.  Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends that the five named Plaintiffs, and the "80 other inmates" who failed to comply with this Court's Order be dismissed from this case.  Since the filing of this matter, these Plaintiffs have taken none of the necessary first steps to prosecute this case.  Further, said Plaintiffs have failed to comply with an order of this Court.  Plaintiffs are proceeding *pro se* and therefore bear all of the responsibility for any failure in the prosecution of their claims.  Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.  Although Plaintiffs' allegations may state a claim upon which relief could be ultimately be granted, the merits of the claims are impossible to determine at this early stage of the proceedings.


**III     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the following individuals be dismissed as Plaintiffs in this case for failure to prosecute:  Sean Rushton, Cyril Anderson, Jose Martinez, Javier Rodriguez, Brua Gilmore, and "80 other inmates."

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  No extensions of time will be granted. Failure to timely file objections may constitute a waiver of any appellate rights.  See e.g., Nara v. Frank,

488 F.3d 187 (3d Cir. 2007).


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge


Dated:  October 13, 2009

cc:     The Honorable Sean J. McLaughlin
        United States District Judge